UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN CHRISTOPHER WALKER, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Civil Action No. 09-10881-JLT |
| BRIAN GILLEN, Superintendent of Plymouth | * |
| County Correctional Center, | * |
| | * |
| Respondent. | * |
| | * |

MEMORANDUM

March 3, 2010

TAURO, J.

I.   Introduction

Petitioner filed a Petition for Writ of Habeas Corpus [#1], under 28 U.S.C. § 2241, seeking immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), in which he has been held since an administratively final order of removal entered against him on October 27, 2008. For the following reasons, Defendant's Motion to Dismiss the Petition [#5] is ALLOWED and Petitioner's Petition for Writ of Habeas Corpus [#1] is DENIED.

II.   Background

Petitioner, a citizen of Jamaica, was admitted to the United States on April 16, 1992, as a lawful permanent resident.[1] In January of 2007, ICE initiated removal proceedings against Petitioner, pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, based on

---

[1] Pet. for Writ of Hab. Corp., 3.

his conviction for an aggravated felony in Massachusetts state court.[2] On October 27, 2008, an administratively final order of removal entered against Petitioner, who has remained in ICE custody since that time.[3]

On November 25, 2008, Petitioner appealed the removal order by filing a Petition for Review with the First Circuit Court of Appeals.[4] On the same date, he filed a motion to stay his removal, which the First Circuit granted on March 5, 2009.[5]

III.   Discussion

Under 8 U.S.C. § 1231, the Attorney General is required to deport an alien, who is subject to an administratively final removal order, within a 90-day "removal period,"[6] during which time the alien must remain in detention.[7] The removal period begins upon the latest of the following three events:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.[8]

Pursuant to 8 U.S.C. §1231(a)(6), the Attorney General is empowered to continue to

---

[2]Id.

[3]Id.

[4]Def.'s Mem. Supp. Mot. Dismiss, Ex. B.

[5]Def.'s Mem. Supp. Mot. Dismiss, Ex. A.

[6]8 U.S.C. §1231(a)(1)(A).

[7]8 U.S.C. §1231(a)(2).

[8]8 U.S.C. §1231(a)(1)(B).

detain certain aliens, such as those who have been convicted of an aggravated felony, beyond the expiration of the 90-day removal period.[9] In Zadvydas v. Davis, 533 U.S. 678 (2001), however, the Supreme Court held that detention still may not be indefinite.[10] Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably near future."[11] Zadvydas established a presumptive limit to detention pending removal of six months from the date the removal period begins to run.[12]

Petitioner contends that, though his conviction for an aggravated felony makes him subject to detention beyond the 90-day removal period, his continued detention violates Zadvydas because he has been in ICE custody for more than six months. This court disagrees.

The six-month period represents the presumptive outer limit on detention pending removal and is, therefore, calculated from the date that the removal period begins to run. Where, as here, a removal order has become administratively final, but the alien has obtained a judicial stay of the removal order, the removal period does not begin to run until the reviewing court issues its final order.[13] Because Petitioner has obtained a stay of removal from the First Circuit that will remain in place until that court resolves Petitioner's appeal of the final removal order, Petitioner's

---

[9] 8 U.S.C. §1231(a)(6).

[10] 533 U.S. 678, 699 (2001).

[11] Id. at 701.

[12] Id.

[13] 8 U.S.C.§ 1231(a)(1)(B)(ii) (establishing that the removal period begins to run on the latest of three events, including the following: "If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."). See also, Hussain v. Mukasey, 510 F.3d 739, 742 (7th Cir. 2007); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam).

continued detention is neither in violation of 8 U.S.C. §1231 or the Supreme Court's holding in Zadvydas.[14]

Petitioner further argues that his removal is not significantly likely to occur in the foreseeable future because Jamaica has thus far refused to issue the travel document necessary to effect Petitioner's removal. The Jamaican Embassy has confirmed, however, that its refusal to issue the required travel document is based on the First Circuit's order staying Petitioner's removal. The Embassy has further stated that the travel document may issue when the First Circuit lifts the stay.[15] Accordingly, this court expects that Petitioner's removal will occur within the presumptively reasonable time period established by Zadvydas, if the First Circuit affirms the final removal order and the removal period indeed begins to run. Until such time, Petitioner's continued detention remains lawful.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Petition [#5] is ALLOWED and Petitioner's Petition for Writ of Habeas Corpus [#1] is DENIED.

AN ORDER HAS ISSUED.

   /s/ Joseph L. Tauro
United States District Judge

---

[14] See Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006); Do Canto, 2003 WL 21078115, at *2 (finding no Zadvydas violation because a judicial stay had "toll[ed] the removal period as a matter of statute") (citing 8 U.S.C. § 1231(a)(1)(B)(ii)).

[15] Aff. of Jennifer Wood, Def.'s Reply Supp. Mot. Dismiss. See also, Campbell v. Chertoff, 2005 WL 2989711, at *4 (E.D. Pa. July 29, 2005) ("Jamaica will not order the necessary travel documents while a stay of deportation is in place.").